IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-287-FL

| | | |
|---|---|---|
| SUE MICHAUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| REUBEN F. YOUNG, Secretary of the | ) | |
| North Carolina Department of Public | ) | |
| Safety | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on defendant's motion for summary judgment (DE 26). Although the court provided notice to plaintiff, proceeding *pro se*, of her right to respond to the motion for summary judgment, plaintiff did not do so. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants defendant's motion for summary judgment.

**STATEMENT OF THE CASE**

On December 4, 2012, plaintiff filed a motion for leave to proceed *in forma pauperis*, accompanied by a proposed complaint asserting that defendant, her employer, discriminated against her on the basis of her sex, and created a hostile work environment based on sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). The court allowed plaintiff's motion for leave to proceed *in forma pauperis* and filed plaintiff's complaint on December 20, 2012.

Plaintiff filed an amended complaint on September 11, 2013, asserting an additional claim on the basis that defendant retaliated against her for filing the present lawsuit against defendant by increased hostile work environment and alleged conduct in targeting her and alienating her in the workplace. Defendants filed an amended answer and then the instant motion for summary judgment on February 10, 2014. In support of their motion for summary judgment defendants filed five affidavits of plaintiff's supervisors and management officials, each with accompanying exhibits, providing an account of their duties and interactions with or in relation to plaintiff in the workplace during the relevant time period.

**STATEMENT OF UNDISPUTED FACTS**

The undisputed facts may be summarized as follows. Plaintiff began work for defendant as a probation/parole officer in Carteret County, North Carolina, on February 14, 2011. In May and June, 2011, plaintiff filed a complaint with defendant's Equal Employment Opportunity Office ("EEO") and with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 11-CRD-2627), alleging that one of her supervisors, Benjamin Yearick, exhibited demeaning, degrading, and intimidating behavior to her and other female officers in her office, including by threatening not to provide back-up in the field and blocking her from exiting a room. Plaintiff filed a charge of discrimination with EEOC, and plaintiff received a dismissal and notice of rights letter on September 8, 2012.

Yearick, now deceased, denied exhibiting behavior as described by plaintiff, and he expressed that plaintiff had a very poor attitude toward her job. Defendant's EEO Officer, Teresa S. Alexander investigated plaintiff's May and June, 2011, EEO and EEOC complaints, and Alexander determined in September, 2011, that there was insufficient evidence to substantiate

2

plaintiff's allegations of inappropriate conduct in the workplace. Alexander recommended that management take no corrective action.

Anita Culbreth became plaintiff's supervisor in November, 2012. On December 20, 2012, Culbreth called plaintiff at her office to discuss her supervision of an offender, and plaintiff did not take the call because she was meeting with another offender. One of plaintiff's superior officers, Thurman Turner, observed that plaintiff challenged and questioned every assignment and instruction she was given since her first day on the job and challenged the policy and procedures of the agency, saying they were incorrect.

On February 5, 2013, Turner issued a written warning to the plaintiff for unacceptable personal conduct for insubordination, particularly failing to answer and speak with her supervisor, Culbreth, on December 20, 2012. Turner had very little direct contact with plaintiff, and Turner denies harassing or retaliating against plaintiff for filing her EEO complaints or the instant lawsuit.

On April 9, 2013, Culbreth issued a memorandum to plaintiff placing her on administrative reassignment to allow defendant to conduct an internal investigation regarding plaintiff's complaint of work place harassment and retaliation. Culbreth denies harassing or retaliating against plaintiff for filing her EEO complaints or the instant lawsuit.

Tiffany Kerner, EEO Officer with defendant, determined on June 17, 2013, after an investigation that there was insufficient evidence to substantiate plaintiff's allegation that either Turner or Culbreth engaged in harassment, retaliation, or creation of a hostile working environment. She recommended that management take no corrective action.

Brien Campbell, an official employed by defendant in a manager capacity, issued to plaintiff on June 19, 2013, a written warning to plaintiff for unacceptable personal conduct for

3

insubordination to her supervisor Turner by terminating a telephone conversation before he was finished, among several other enumerated acts and statements. Campbell states that she did not issue the discipline in retaliation or harassment based on plaintiff's EEO complaints, but rather on the bases stated in the warning.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other discovery materials properly before the court demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). "[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.

Anderson, 477 U.S. at 250.  In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  United States v. Diebold, Inc., 369 U.S.654, 655 (1962).

B.  Analysis

Defendant moves for summary judgment on all claims asserted by plaintiff, contending that the affidavits it has submitted and the documents attached thereto demonstrate the absence of a genuine issue of material fact.  Plaintiff has not set forth specific facts showing that there is a genuine issue for trial, and the court determines as set forth below that there is insufficient evidence favoring the plaintiff for a jury to return a verdict for plaintiff.  Accordingly, summary judgment must be granted in favor of defendant.

1.  Hostile Work Environment – Sexual Harassment

A Title VII violation for hostile work environment is established where the "workplace is permeated with discriminatory intimidation, ridicule, and insult[] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotations omitted). The court must "determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998) (internal quotations omitted). The Supreme Court has made it "clear that conduct must be extreme to amount to a change in the terms and conditions of employment."  Id. at 788.  In addition, harassment must be due to plaintiff's sex or prior protected activity to be

5

actionable under Title VII. See Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761 (4th Cir. 2003).

Plaintiff has failed to forecast evidence of harassment based on plaintiff's gender. Besides from lacking a connection to plaintiff's gender, the alleged incidents reported in the record such as failing to provide backup in the field and blocking a door are "isolated incidents" not "sufficiently continuous and concerted" so as to be pervasive. Faragher, 524 U.S. at 787. Moreover, defendant conducted two investigations to attempt to determine the nature of conduct by plaintiff's office supervisors, Turner and Yearick, and concluded that there was insufficient evidence to substantiate plaintiff's allegations of inappropriate conduct in the workplace, further precluding any claim based upon pervasive harassment. Accordingly, defendant is entitled to summary judgment on plaintiff's hostile work environment claim.

2. Retaliation

To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) she engaged in protected activity; (2) an "materially adverse" employment action was taken against her; and (3) there was a causal link between the protected activity and the adverse action. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). If plaintiff presents evidence of a prima facie case, the burden of production then shifts to the employer to rebut the presumption of retaliation by articulating a legitimate, nonretaliatory, reason for its adverse action. Texas Dep't of Comty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the employer meets this burden, then plaintiff must offer evidence of pretext sufficient to create a genuine issue of material fact that retaliation was the reason for the adverse employment action. Beall v. Abbot Lab., 130 F.3d 614, 619 (4th Cir. 1997).

Plaintiff alleges various actions by her supervisors allegedly targeted at plaintiff and her co-workers that she asserts were in retaliation for pursuing EEO complaints and the present litigation. (See Am. Compl. ¶ 7). Plaintiff has not, however, forecasted evidence that a "materially adverse" employment action was taken against her. To be "materially adverse," the employer's actions must be such that they would have "dissuaded a reasonable worker from making or supporting a charge of discrimination," and cannot be merely "petty slights or minor annoyances that often take place at work and that all employees experience." Burlington, 548 U.S. at 68.

Defendant presented evidence that plaintiff was issued two written warnings in February 2013, and June 2013. While these warnings may be considered adverse employment actions, defendant has articulated legitimate, non-discriminatory, reasons for these warnings. Namely, plaintiff in fact committed the misconduct set forth in the warnings. Having not responded to defendant's motion for summary judgment, plaintiff has not forecasted sufficient evidence to establish a genuine issue of fact on whether defendant's proffered non-discriminatory reasons for these actions was false, and that retaliation was the real reason for the actions.

Therefore, absent a genuine dispute as to any material fact, defendant is entitled to summary judgment on plaintiff's retaliation claim.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 25) is GRANTED. The clerk is directed to CLOSE this case.

SO ORDERED, this the 9th day of June, 2014.

LOUISE W. FLANAGAN
United States District Judge